U.S. Circuit Court of Appeals 2nd Circuit

December 22, 2016

Donna Friedebery

v

Judge Jesse Furman
U.S. District Judge S.D.N.Y.

## Complaint

Yesterday Judge Furman sent two people who may be real Deputy marshals or may have just been men posing as such. I thought the male knocking at my door was a man coming to sexually harass me at Christmas time so I did not answer the door. Because he knocked on my windows and went around to my back door and pounded, I became frightened for my life. I called the local police. They came and told me the caller had left a card and it was a U.S. marshal. A few minutes later Michael P. Curra called me and identified himself as a marshal and said he wanted to talk to me about my case in New York Court. I said I would be happy to talk to him on the phone but he insisted I see him in person. He said it was for identification purposes. I said he could not come into my house so he agreed to meet me at Sunrise restaurant in the center of Norwich in about 15 minutes. After I hung up I called the Norwich Police and asked for an escort there and for them to be a witness to anything that was said or transpired there. The local police did not come but I kept waiting and the 2 marshals came back in their black unmarked van and they called me again and demanded to see me. I called the police again and the 911 operator said the police were at the door, so I went outside and let them question me. They grilled me for a few minutes about what I had written about Judge Furman's wife and asked me where I had gotten the information. I said it was available on the internet and that it had been confirmed by Japanese parties. They asked me how I would feel if someone put false things

about me on the internet. I replied I wouldn't care because the things I wrote about Judge Furman's wife are true. They revealed the true intent of their visit. They asked me if I wanted to harm Judge Furman or his family or if I had hostile feelings toward anyone. I told them they were harassing me and that if Judge Furman had any questions he wanted to ask me, he could call me or mail me. They asked me if I felt the issue had been resolved. I said I did but I have no idea how that is relevant to any case I have in the SDNY Court. I felt during and after the interview that had the local police not been there, they would have taken me into false custody and if necessary, sedated me and deposited me in a mental institution, the same way Lowell Weicker did when I contested his 40% win in Connecticut in 1990. I was falsely diagnosed by a British doctor with a serious mental illness and given a lot of court ordered harmful medication — ordered by British judges in Lowell Weicker's pocket. This experience herein described waswas very very frightening for me and from a judicial standpoint highly irregular. Judge Furman had it within his power to simply order me to appear in court and question me under oath about anything he thought might be a false statement. He knew I would travel to New York for this because I did on 12/12/2016 when I could not access my case in New York against Nasdaq because PACER SERVICE shut me out because I disputed the $17 charge they levied levied against me and I wanted to resubmit that case to Judge Colleen McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA FRIEDEBERG AS AUTHORIZED
AGENT FOR THE PEOPLE'S REPUBLIC
OF CHINA,

          Plaintiff,

-against-

HARVARD UNIVERSITY,

          Defendant.

16-CV-9670 (CM)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 16-CV-9670 (CM). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

    The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 15, 2016
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge



Clerk of the Court
United States District Court
Southern District of New York
The Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

Donna Friedeberg
18 Tanner Avenue
Norwich, CT 06360-5929